# Angling *v*. The State.

## *Indictment for Murder.*

1. *Homicide; when self defense can not be invoked.*—Where, on a trial under an indictment for murder, the evidence shows that the defendant shot the deceased in the back while the latter was in the act of running from him, there is shown to exist no necessity, real or apparent, which justified the killing, and therefore the defendant in such a case can not set up self defense.

2. *Homicide; self defense; admissibility of evidence.*—On a trial under an indictment for murder, where, under the evidence introduced, the defendant can not invoke the doctrine of self defense, it is not competent for him to introduce in evidence facts showing illicit relations to have existed between his wife and the deceased, and likewise it is incompetent for the defendant to prove that he had, previous to the killing, ordered the deceased to stay away from his house.

3. *Homicide; admissibility in evidence of the defendant's testimony on preliminary trial.*—On the trial of a defendant under an indictment for murder, where the defendant has testified as a witness in his own behalf, it is competent for the State to impeach him by introducing in evidence the testimony given by him on his preliminary trial. Such testimony is also admissible as independent evidence where on said trial he admitted the killing of the defendant: it being in the nature of a judicial confession.

4. *Homicide; admissibility of evidence; error without injury.*—On a trial under an indictment for murder, in which the defendant was convicted of manslaughter in the first degree, where the State was allowed, against the objection of the defendant, to prove certain facts, if, in the admission of such evidence the court erred, it is error without injury, when with such evidence excluded from the jury, the facts of the case were

[Angling v. The State.]

such that the court might have properly instructed the jury upon the written request, that upon the defendant's own testimony, if believed beyond a reasonable doubt, he was guilty of manslaughter, the offense of which he was convicted.

5. *Charge of court to jury; reasonable doubt.*—On a trial in a criminal case, the court properly refuses a charge requested by the defendant in writing, which instructs the jury "that unless each member of the jury is convinced beyond a reasonable doubt of the guilt of the defendant from the evidence in the case, then you should find him not guilty."

APPEAL from the Circuit Court of Escambia.

Tried before the Hon. J. C. RICHARDSON.

The appellant in this case, Albert Angling, was tried under an indictment charging him with murder in the second degree for the killing of Harray Avant, was convicted of manslaughter in the firse degree and sentenced to the penitentiary for five years.

The State introduced evidence showing that the deceased died from a gun shot wound in the back, and also introduced in evidence the testimony of a confession of the defendant that he shot the deceased.

During the examination of one of the witnesses for the defendant, the defendant asked him: "Did he ever hear the defendant order the dead man to stay away from his house?" The State objected to this question, the court sustained the objection, and the defendant duly excepted.

The defendant as a witness in his own behalf testified that on the morning of the day he shot the deceased, he left his house about sun up and was gone until 5 o'clock in the afternoon; that as he returned to his house he came back and peeping through a crack in the house he saw Harry Avant, the deceased, and the defendant's wife lying on a pallet on the floor having sexual intercourse with each other; that he thereupon ran around to the door and said: "Now I have caught you, this is not hearsay, for I saw you with my own eyes;" that he then went into the room and when about the middle of the floor the deceased got up and came at him with a knife in his hand; that he, the defendant, then grabbed his gun and whirled around and fired at the deceased; that just as

he turned around with the gun in his hand the deceased turned to run and he fired upon him as he ran off.

On the cross-examination of the defendant as a witness, he testified that he was examined as a witness on his preliminary trial and that his testimony was taken down in writing; and after the testimony of the defendant was taken down in writing on the preliminary trial, was identified by the defendant, the State then offered said testimony in evidence. In this written statement of the testimony of the defendant given on the preliminary trial and which was signed by him, the defendant stated that he shot Harry Avant, the deceased, and believed that he had a perfect right to do so, because he caught him fooling with his family; that he found the deceased sitting on a bench with his, the defendant's wife, hugging her. The defendant objected to the introduction in evidence of the testimony of the defendant as given in the preliminary trial and duly excepted to the court's overruling his objection and allowing the said testimony to be introduced in evidence.

The defendant then offered to introduce in evidence the showing made for two absent witnesses. In the showing of one of these witnesses, the witness testified that at different times, about a month before the killing of the deceased, he had seen the deceased and the defendant's wife hugging up to one another, and that he had told the defendant of such conduct before the killing of the deceased.

The other witness, whose showing was offered in evidence, testified that she saw the deceased and the defendant's wife go into an old house together, and that upon going to the house, the witness found them having sexual intercourse with each other.

The State separately objected to the introduction of each of these showings in evidence. The court sustained each of such objections, refused to allow the showings to be introduced in evidence, and to these rulings the defendant duly excepted.

The defendant requested the court to give to the jury the following written charge, and separately excepted to the court's refusal to give the same as asked: "The court charges the jury that unless each member of the

jury is convinced beyond a reasonable doubt of the guilt of the defendant, from the evidence in the case, then you should find him not guilty."

J. F. JONES, for appellant.—The showing of the absent witnesses, which were sought to be introduced in evidence by the defendant, were admissible, and the court erred in excluding them.—*Gafford v. State*, 122 Ala. 54; *South v. State*, 86 Ala. 617; *Matheson v. State*, 55 Ala. 224.

The charge requested by the defendant and refused by the court should have been given.—*Carter v. State.* 103 Ala. 93.

MASSEY WILSON, Attorney-General, for the State. The defendant testified in his own behalf. The State proved by the defendant the testimony of the defendant on the preliminary investigation. There is material contradiction in the testimony of the defendant as given on this trial and as given on the preliminary hearing. His testimony on the preliminary hearing was admissible to impeach him.—*Matthews v. State*, 96 Ala. 62; *Harris v. State*, 73 Ala. 495; *Burton v. State*, 115 Ala. 1.

The showings of the two absent witnesses were not admissible in evidence. No case of self defense having been shown, it was not competent for the defendant to prove that others told him of the adulterous relations between his wife and the deceased.—*Gafford v. State*, 122 Ala. 54; *Stoball v. State*, 116 Ala. 454; *Holley v. State*, 75 Ala. 14; *McNeill v. State*, 102 Ala. 121; *Hooks v. State*, 99 Ala. 166.

The charge requested by the defendant was properly refused. It required an acquittal even though eleven of the jurors might be satisfied beyond a reasonable doubt the defendant was guilty.—*Hale v. State*, 122 Ala. 85; *Pickens v. State*, 115 Ala. 42.

TYSON, J.—This appeal is prosecuted from a judgment of conviction of manslaughter in the first degree predicated upon an indictment charging the defendant with the offense of murder in the second degree. All

questions reserved upon the trial grow out of the rulings of the court upon the admission and exclusion of evidence and the refusal of a single written charge to the defendant.

. The evidence, without dispute, establishes, that the defendant shot the deceased in the back while the latter was in the act of running from him. Indeed, according to the testimony of the defendant himself, the only witness examined who saw the transaction in which the deceased received the fatal wound, the deceased had abandoned his attack upon him and was in the act of fleeing when he shot him. There, therefore, existed no necessity, real or apparent, which justified his conduct.—*Stilwell v. State,* 107 Ala. 16; *Hughes v. State,* 117 Ala. 29; *Kilgore v. State,* 124 Ala. 24; *Thomas v. State,* 125 Ala. 4. This being true, he is in no position to invoke the doctrine of self defense. This statement effectually disposes of the exceptions, adversely to appellant, reserved by him to the action of the court in excluding the evidence contained in the written showing offered by him. Under the principles declared in *Gafford v. State,* 122 Ala. 54, that character of evidence is only competent in defendant's behalf in a case involving the question of self defense. That case does not go to the extent, and we do not understand appellant's counsel to contend otherwise, of holding that such evidence is competent either in justification or extenuation of the act of defendant under the circumstances shown by the evidence in this case. Accepting his version of the transaction, which the jury seems to have done, it is controlled by the principle which is universally recognized and stated by Mr. Bishop to be: "If a husband finds his wife committing adultery and *under the provocation* instantly takes her life or the adulterer's, the homicide is only manslaughter."—2 Bishop's New Crim. Law, § 708; *McNeill v. State,* 102 Ala. 121; *Hooks v. State,* 99 Ala. 166; *Dabney v. State,* 113 Ala. 38. Likewise there was no error in excluding the evidence offered by the defendant that he had previous to the killing ordered deceased to stay away from his house. *Johnson v. State, infra.* It might well have been admitted in behalf of the prosecution, for the purpose of showing ill will on the part of defendant towards de-

[Smith v. The State.]

ceased, but it could have no legitimate tendency to excuse or justify the act of defendant in taking the life of the deceased.

The defendant having testified in his own behalf, it was entirely competent for the State to impeach him by introducing the testimony given by him on the preliminary trial. Furthermore, his testimony on that trial was competent, as independent evidence, being in the nature of a judicial confession.—*Hall v. State*, 134 Ala. 90; 32 So. Rep. 750.

The State was allowed to prove, against the objection of defendant, that deceased went to the house of defendant where he was killed in the morning of the day of the killing to look after his hogs. Under the view we take of the case, whether this testimony was properly admitted or not is of no consequence. With it in or out, the court might have properly instructed the jury upon a written request, that upon the defendant's own testimony, if believed by them beyond a reasonable doubt, he was guilty of the offense of which he was convicted. If its admission was error, it was clearly without injury. The charge requested by defendant was properly refused. *Cunningham v. State*, 117 Ala. 59; *Hale v. State*, 122 Ala. 85; *Pickens v. State*, 115 Ala. 42.

Affirmed.