# Lambert *v.* The State.

## *Violating Criminal Contract.*

(Decided June 30, 1916.   69 South. 261.)

1. *Master and Servant; Interference; Evidence.*—Where it is shown that a written contract existed, that before its expiration the servant was found in the employment of defendant, and that defendant refused to release him on demand, and on being given notice of such contract, a conviction may be had under section 6850, Code 1907.

2. *Evidence; Hearsay.*—The statement of a witness, "They say H. did not have much sense," is hearsay.

3. *Charge of Court; Abstract.*—Where there was only hearsay evidence that H. did not have much sense, and it was not made to appear even that that related to the time of the execution of the contract, charges hypothesizing mental incapacity of H. to understand his acts, or of his having been non compos mentis when he executed the contract, were abstract.

4. *Appeal and Error; Harmless Error; Evidence.*—Where the witness answered in effect that the witness did not know whether H. had sufficient intelligence to make a contract, the defendant is not injured by the sustaining of an objection to the question.

5. *Contracts; Capacity to; Evidence.*—A witness may not testify that a person is or is not mentally capable of entering into a contract; this being a conclusion and a matter to be ascertained by the jury from the facts and circumstances shown.

6. *Same; Mental Capacity; Presumption.*—Mental capacity to contract is presumed.

7. *Charge of Court; Abstract.*—An instruction is abstract where there is no evidence to support the facts therein hypothesized.

8. *Evidence; Res Gestae.*—A note taken to and read by the defendant, stating that it was a violation of law for him not to release a person in his employ, under the circumstances, whereupon he still refused to release him, was admissible as of the res gestate of his refusal.

9. *Trial; Excluding Evidence.*—It is not error to refuse to exclude testimony which was admitted without objection.

10. *Witnesses; Impeachment.*—Whether or not the prosecutor did or did not direct a dismissal of a proceeding against another, was immaterial and irrelevant, where it was in no way connected with the prosecution against defendant.

APPEAL from Elmore Circuit Court.

Heard before Hon. W. W. PEARSON.

19—13

[Lambert v. The State.]

Robert Lambert was convicted of knowingly interfering with, hiring, or enticing Henry Jones, a laborer or servant, who had contracted in writing to serve one W. R. McCarter, and he appeals. Affirmed.

The facts sufficiently appear. The following charges were refused the defendant: (2) If the man, Henry Jones, who is alleged to have made a contract with W. R. McCarter, was non compos mentis at the time of the execution of the contract, you will find the defendant not guilty.

(3) Same as 2, except that it hypothesizes mental incapacity to understand the import of his acts.

(4) If the man, Henry Jones, could not write his name, and did not write his name to said contract, and did not authorize any one else to do so, the contract is void, and you will find the defendant not guilty.

J. M. HOLLEY, for appellant.

W. L. MARTIN, Attorney General, and J. P. MUDD, Assistant Attorney General, for the State.

THOMAS, J.—(1) Under the statute (Code, § 6850) inhibiting any person from knowingly interfering with, hiring, or employing, etc., any laborer or servant who has in writing contracted to serve another, a conviction may be had on proof that such contract exists, and that such laborer or servant was found in the employ of the defendant before the expiration of the contract with prosecutor, and that defendant refused to release him on demand and on being given notice of such contract. —*Tartt v. State,* 86 Ala. 26, 5 South. 577; *Murrell v. State,* 55 Ala. 367; *Turner v. State,* 48 Ala. 549. Such being the tendencies of the evidence for the state in this

[Lambert v. The State.]

case, the court did not error in refusing the affirmative charge requested by the defendant.

(2, 3) Nor did not the court err in refusing charges numbered 2 and 3, requested by defendant, as they were each abstract—there being no evidence tending to show that the laborer or servant, Henry. Jones, was mentally incapacitated to enter into a contract at the time of the alleged execution of the contract by him with the prosecutor. It is true one witness testified: "They say Henry didn't have much sense." But this was mere hearsay and, besides, it does not appear that the hearsay related to the time of the execution of the contract, nor but what the person, though he may not in fact have had much sense, had enough sense to understand the nature and obligation of the contract.—*Rawdon v. Rawdon*, 28 Ala. 565; *In re Carmichael*, 36 Ala. 514; 16 Am. & Eng. Ency. Law (2d Ed.) 624, 625.

(4-6) On this subject the defendant introduced as a witness one Dr. Sewell, and, without preliminary inquiry, asked of him this question, "Doctor, do you know whether or not the boy Henry Jones had sufficient intelligence to make a contract?" To which the witness replied, "No, sir," meaning, we judge, that the witness did not know. At any rate, the court sustained an objection of the solicitor to the question, and excluded on his motion the answer, to which action defendant excepted, and declined to examine the witness further. Nor did defendant examine any other witness on the subject. The court committed no error, and, if it had, there was no injury, as disclosed by the quoted answer of the witness, in sustaining the objection of the solicitor to the question mentioned, since the question clearly called for the conclusion of the witness, which is not permissible as to the matter inquired about,

even from an expert.—*In re Carmichael,* 36 Ala. 616; *Walker v. Walker,* 34 Ala. 469.

A witness may under some circumstances testify as to whether in his opinion a person is sane or insane, and as to whether he is an idiot or lunatic, or not, and to acts and conversations on his part showing an unsound mind (3 Mayf. Dig. 1077, § 4; 5 Mayf. Dig. 534; 6 Mayf. Dig. 323); but a witness is not allowed to testify that a person is or is not mentally capable of entering into a contract. This is a matter to be ascertained by the jury, as an inference from facts and circumstances that may be proved. None having been proved to support an inference of incapacity, capacity, like sanity, is presumed.—*Rawdon v. Rawdon,* 28 Ala. 565.

(7) Nor did the court err in refusing charge numbered 4, requested by defendant, which was to the affect that: "If the man, Henry Jones, could not write his name, and did not write his name to said contract and did not authorize any one else to do so, then the same is void, and the jury will find defendant not guilty."

The undisputed evidence showed that Jones' name was signed to the contract by another in his presence and by his authority, and that such execution was witnessed by two persons, who signed the contract as witnesses. This showed a due execution of the instrument, as to which there was no conflict in the evidence.—*Lewis v. Watson,* 98 Ala. 479, 13 South. 570, 22 L. R. A. 297, 39 Am. St. Rep. 82; *Harwell v. Zimmerman,* 157 Ala. 473, 47 South. 722. The charge mentioned was therefore abstract, there being no evidence whatever to support the hypothesis stated therein as to a belief by the jury that Jones did not authorize any one to sign his name to the contract.

[Lambert v. The State.]

This also disposes of the motion to exclude the contract from evidence on the ground that it was not duly executed.

(8) It appears that after the prosecutor notified defendant of the written contract, and after defendant refused to release said Henry Jones, the prosecutor went to a justice of the peace and got him to write a note to defendant, stating in substance and effect that it was a violation of law to hire and not release Henry Jones under the circumstances, he being under written contract with another; that prosecutor then took this note to defendant, to whom it was at the time read by prosecutor's son in prosecutor's presence, and that defendant still refused to release said Jones. Defendant's counsel objected to the introduction in evidence by the state of the note, but we think its contents were admissible under the circumstances as a part of the res gestæ of the defendant's refusal.—6 Mayf. Dig. 351, § 28; 7 Mayf. Dig. 313, title "Declarations in Presence of Accused."

(9) The trial court cannot be put in error for not excluding, on motion of defendant, the written contract between Henry Jones and prosecutor, bearing date of February 20, 1913, even though we should be of opinion, which we are not, that there was merit in the grounds of the motion, since the contract was let in evidence without objection from defendant.—*King v. Franklin*, 132 Ala. 559, 31 South. 467; *Jarvis v. State*, 138 Ala. 37, 34 South. 1025; *Kramer v. Compton*, 166 Ala. 222, 52 South. 351; *Southwestern Ala. Ry. Co. v. Maddox & Son*, 146 Ala. 539, 41 South. 9.

(10) The question propounded by defendant to the prosecutor, when recalled to the stand by defendant, with reference to instructions to the justice of the peace to dismiss a prosecution against another party not con-

[Stokes v. The State.]

nected in any way with the prosecution here, was clearly objectionable, as immaterial and irrelevant to any issue in this case.

We have discussed the only questions urged, and, as we find no error in the record, the judgment is affirmed.

Affirmed.