## MOON v. STATE. (8 Div. 295.)

(Court of Appeals of Alabama. Aug. 11, 1925.)

1. **Homicide** ⟜274—**Undisputed evidence that death wound, given by accused, was in back of deceased, held to preclude right to general affirmative charge.**

In prosecution for murder in attempting an arrest, undisputed evidence that death wound, inflicted by accused, was in back of deceased, precluded right of accused to general affirmative charge.

2. **Criminal law** ⟜1124(1)—**On failure to set out motion for new trial in bill of exceptions, denial thereof is not presented for review.**

On failure to set out motion for new trial in bill of exceptions, denial thereof is not presented for review on appeal.

3. **Criminal law** ⟜829(4) — **Refusal of requested charges, covered by those given, held not error.**

In prosecution for murder, refusal of requested charges relative to legal right of accused, deputy sheriff, to arrest deceased, and to fire shot which killed him, in making arrest, covered by other instructions, was proper.

4. **Criminal law** ⟜829(1)—**Refusal of charge, though correct, is not cause for reversal, if same rule of law was substantially and fairly given in court's general charge, or in charges requested by accused.**

Refusal of charge, though correct statement of law, is not cause for reversal. if same rule

of law was substantially and fairly given in court's general charge, or in charges given at accused's request.

**5. Homicide ☞169(1) — Exclusion of testimony as to whether deceased took anything from house with him held proper.**

In prosecution for murder, where accused, deputy sheriff, shot deceased in attempting to arrest him for operation of moonshine still, refusal to permit deceased's widow to answer questions as to whether deceased, on leaving house, took anything with him, or took plow tools with him, which did not relate to matters pertinent ·or involved, and did not shed light on transactions complained of, was not error.

**6. Homicide ☞274—Whether killing was justified in attempting to arrest deceased for operating moonshine still held for jury.**

In prosecution·for murder, where accused, deputy sheriff, found deceased and others engaged in operation of moonshine still, and in attempting to make arrests shot deceased in' back, facts and circumstances attendant on killing were for jury to determine, under instructions from court.

**7. Homicide ☞255(3)—Evidence held to justify conviction of manslaughter in first degree.**

In prosecution for murder, evidence that accused, deputy sheriff, in attempting to arrest deceased, engaged in operation of moonshine still, shot him in back and killed him, and other evidence, was sufficient to justify conviction for manslaughter in first degree, with imprisonment in penitentiary for a year and a day as punishment.

Appeal from Circuit Court, Madison County; Jas. E. Horton, Judge.

John Will Moon was convicted of manslaughter in the first degree, and he appeals. Affirmed.

S. H. Richardson, of Huntsville,· for appellant.

When one refuses to submit to arrest after he has been touched by the officer, or endeavors to break away, he may be lawfully killed, if this extreme measure is necessary. 21 Cyc. 795; Suell v. Derricott, 161 Ala. 259, 49 So. 895, 23 L. R. A. (N. S.) 986, 18 Ann. Cas. 636. There was error in sustaining objections by the state to questions propounded by defendant to witness Ida Hunter. Kilgore v. Stanley, 90 Ala. 523, 8 So. 130; Harris v. State, 96 Ala. 24, 11 So. 255.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The motion for new trial, not appearing in the bill of exceptions, will not be considered on appeal. Hopkins v. State, 18 Ala. App. 423, 93 So. 40. Rulings on evidence were without error. 4 Michie's Ala. Dig. 294.

BRICKEN, P. J. [1] The undisputed evidence in this case shows that the death

wound upon Yancy Hunter, the deceased, named in this indictment, inflicted by this defendant, was almost in the center of his back, just above the waist line. This physical fact, being without conflict, of itself would preclude the right of the defendant to the·general affirmative charge. Angling v. State, 137 Ala. 17, 34 So. 846.

[2] The motion for a new trial is not set out in the bill of exceptions; therefore the ruling of the court in denying same is not presented for review.

[3] Numerous special written charges were refused to defendant. Practically all of these refused charges contain propositions of law relative to the legal rights and prerogatives of the defendant, who was a deputy sheriff, to arrest the deceased, and to fire the shot which took his life in the effort to make the arrest. There was no error in refusing any of these charges, for such as properly stated the law were fully covered by the able and explicit charge of the court, and by the great number of charges given at the request of the defendant.

[4] The law is that the refusal of a charge, though a correct statement of the law, shall not be cause for a reversal on appeal, if it appears that the same rule of law was substantially and fairly given to the jury in the court's general charge, or in charges given at the request of the defendant.

The predicate laid for the dying declaration met the required rule of evidence. The court did not err in this connection.

[5] Mrs. Ida Hunter, widow of deceased, Yancy Hunter, was asked by defendant on cross-examination:

"Did your husband take plow tools, or anything of that kind, with him when he left the house?" Also, "When your husband left out of the house, did he have anything with him?"

In sustaining the objections by the state to these questions there was no error. So far as we are able to ascertain, these inquiries related to matters not pertinent to any issue involved upon the trial of this case. Nor could it shed any light upon the transactions complained of.

[6] The evidence disclosed without conflict that the deceased was at a still, engaged in its operation, and that defendant was one of the three arresting officers, and he admittedly fired the shot into the center of Hunter's back, which caused his death. The facts and circumstances attendant upon the ·killing were for the jury to determine and under the instructions, as to the law,. by the court, it was for the jury to say whether or not, in so firing said shot which caused Hunter's death, the defendant was. guilty or was justified.

[7] The jury returned a verdict of guilty of manslaughter in the first degree, and they fixed his punishment at imprisonment in the·

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

penitentiary for one year and a day. Under the evidence in this case, we are of the opinion they were justified in so finding.

Other rulings upon the evidence, to which exceptions were reserved, were so clearly free from error they need not be discussed.

No other questions are presented. The record proper appears regular, and as no error of a reversible nature appears in any ruling of the court, the judgment of conviction in the circuit court will stand affirmed.

Affirmed.