(107 So. 799)

## Al Henry VAUGHAN v. STATE.
### (6 Div. 594.)

(Supreme Court of Alabama. Jan. 14, 1926. Rehearing Denied April 8, 1926.)

Certiorari to Court of Appeals.

John A. Lusk, of Guntersville, for petitioner. Harwell G. Davis, Atty. Gen., and Robt. G. Tate, Asst. Atty. Gen., opposed.

PER CURIAM. Petition of Al Henry Vaughan for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Vaughan v. State, 107 So. 797.

Writ denied.

ANDERSON, C. J., and SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

(108 So. 53)

## SLOSS–SHEFFIELD STEEL & IRON CO. v. ALLEN et al. (6 Div. 628.)

(Supreme Court of Alabama. April 8, 1926.)

**Money paid ☞10.**

In action for money paid, evidence failing to show any authorization to pay or promise express or implied to repay *held* to require directed verdict for defendant.

Appeal from Circuit Court, Jefferson County; Roger Snyder, Judge.

Action by W. S. Allen and others against the Sloss-Sheffield Steel & Iron Company. From a judgment for plaintiffs, defendant appeals. (Transferred from the Court of Appeals under Code 1923, § 7326). Reversed and remanded.

Count 4 of the complaint is as follows:

Plaintiffs claim of the defendant, a corporation, the sum of $500 due from it for money paid by the plaintiffs for the defendant during, to wit, the months of October, November, and December, 1922, which sum of money with interest thereon, is still due and unpaid.

Bradley, Baldwin, All & White, of Birmingham, for appellant.

To make a valid contract, expressed or implied, it is necessary that the minds of the parties meet. McGowin Lbr. Co. v. Camp Lumber Co., 68 So. 263, 192 Ala. 35; Linn v. McLean, 80 Ala. 360; Hodges v. Sublett, 8 So. 800, 91 Ala. 588; Hammond v. Winchester, 2 So. 892, 82 Ala. 470; Keel v. Larkin, 72 Ala. 493; Columbus, etc., Co. v. Gaffney, 61 N. E.

152, 65 Ohio St. 104; Helber v. Schaible, 150 N. W. 145, 183 Mich. 379.

T. J. Judge, of Birmingham, for appellees.

There was a scintilla of evidence to establish plaintiff's case, and the affirmative charge for defendant was properly refused.

ANDERSON, C. J. This case was submitted to the jury under count 4 of the complaint; the other counts having been withdrawn by plaintiffs' counsel. In order for the plaintiffs to recover under this count, there must have been an agreement, express or implied, on the part of the defendant to reimburse them for money they claim to have paid out for the defendant, or the express or implied authorization by defendant to plaintiffs to pay out money for its benefit; and we think the evidence utterly fails to establish a prima facie obligation on the part of the defendant to the plaintiffs for the expenses incurred by the latter in securing the options on the land in question. J. W. McQueen denied absolutely any authority from him to plaintiffs' agent and witness Lee to incur any expense in behalf of defendant in securing the options. While Lee stated that McQueen said:

"And when I carried the lease to him he said, 'I won't consider it, unless I have an option to buy it.' 'Well,' I says, 'I don't own all the surface; we own only part of it.' 'Well,' he says, 'You will have to buy it.' 'Well,' I said, 'It will cost about $500.' He said, 'You will have to go and do it; it is none of my business,"

—we do not see how the above-quoted testimony could be reasonably interpreted as an authorization on the part of McQueen to Lee to incur this expense for the benefit of or upon the responsibility of the defendant.

The letters in question did not show such a demand as would create an admission as for a failure to reply. Neither of them claims a promise by McQueen to reimburse the plaintiffs for the expenses incurred, but proceed upon the idea that McQueen agreed to test the property and failed to do so, and because of this fact the defendant ought to reimburse plaintiffs for expenses incurred. It may be doubtful if this was such a demand that a failure to answer would amount to an admission of a breach of the agreement for a failure to inspect, but, if it did, count 4 does not proceed upon such a liability, but upon an express or implied agreement to repay the expenses incurred.

The trial court erred in refusing the general charge requested by the defendant, and the judgment of the circuit court is reversed, and the cause is remanded.

Reversed and remanded.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes