Mathews & Mathews and Goodwyn & Ross, all of Bessemer, for appellant.

(115 So. 852)

## WRIGHT v. STATE. (6 Div. 278.)

Court of Appeals of Alabama. March 20, 1928.

Charlie C. McCall, Att'y. Gen., for the State.

Brief did not reach the Reporter.

BRICKEN, P. J. This appeal is prosecuted from a judgment of conviction of manslaughter in the first degree, predicated upon an indictment charging the defendant with the offense of murder in the first degree. The punishment was fixed at imprisonment in the penitentiary for ten years.

Innumerable exceptions were reserved upon the trial to the rulings of the court upon the admission and exclusion of evidence. There were also numerous charges refused to defendant, and the insistence is here made that the court erred in refusing to give these charges.

The evidence in the case discloses, without conflict, that this appellant killed Stewart Burchfield, the deceased named in the indictment, by shooting him with a pistol.

The evidence also discloses without dispute that the death wound was in the back of deceased, and that this wound was inflicted by the only shot fired by defendant.

The defendant set up self-defense, and insisted that deceased struck him a glancing blow upon his shoulder with a small Stillson wrench, and testified that, at the time the fatal shot was fired by him, the deceased was

advancing upon him with the wrench drawn back in striking position.

■ The actual location of the wound upon the body of the deceased was not in question, and this evidence shows conclusively there was but one wound. It affirmatively appeared, without conflict, in the evidence, that said wound was in the back of the deceased. This being true, such technical errors in the rulings of the court in the manner of permitting such undisputed fact to be proven, will not cause a reversal in this case. Some of the evidence in this connection was entirely admissible as proven. The statute expressly provides that a judgment of conviction must not be reversed because of error, when the court is satisfied that no injury resulted therefrom to the defendant. Code 1923, § 3258. See, also, Sup. Ct. rule 45.

■■ The exceptions reserved to the court's rulings upon the evidence of state's witness Mrs. Sallie Rainey (née Burchfield), mother of deceased, are each without merit. There was nothing in these rulings relative to her testimony calculated to erroneously affect the substantial rights of defendant. The killing by defendant of Burchfield, deceased, being admitted, the issue involved upon this trial was whether he was justified in so doing under the law of self-defense. The death wound admittedly being near the center of the back of deceased would of necessity tend to show that, at the time the fatal shot was fired, the defendant could not have been in imminent danger of suffering death or grievous bodily harm at the hands of deceased. Angling v. State, 137 Ala. 17, 34 So. 846. This, however, was for the jury under the evidence in the case. The law is that, unless the defendant was in such danger, real or apparent, at the time he fired the fatal shot, his right of self-defense must fall, and the questions of retreat or freedom from fault need not be entered into.

■ The court's oral charge, to which no exception was reserved, plainly and concisely stated the law of self-defense to the jury. In addition to the oral charge, the court gave 33 special written charges requested by defendant. The law thus given in charge to the jury, in the opinion of this court, fairly and substantially covered such of the refused charges as properly stated the law. Where this is true, the court is under no duty to give charges already substantially and fairly given to the jury, even though said charges contain correct statements of the law. Code 1923, § 9509.

■ The appellant was charged with the offense of murder in the first degree. The evidence tends to show that he shot deceased in the back and killed him. The verdict of the jury was for manslaughter only. This we think is indicative of the fact that the defendant was accorded a fair and impartial trial. The record, as a whole, leads to this conclusion. Having had a fair and impartial trial, free from prejudicial error, the accused has no right to expect or to demand more. After a careful consideration of each point of decision here presented, we conclude that no error appears which would warrant or justify this court in the reversal of the judgment of conviction from which this appeal was taken. Said judgment is therefore accordingly affirmed.

Affirmed.