163 So. 668

## WILLIAMS v. STATE.

### 8 Div. 144.

Court of Appeals of Alabama.
June 28, 1935.

Rehearing Denied Aug. 27, 1935.

W. L. Almon, of Florence, for appellant.

A. A. Carmichael, Atty. Gen., and Jas. L. Screws and Wm. H. Loeb, Asst. Attys. Gen., for the State.

BRICKEN, Presiding Judge.

Appellant was charged with the offense of murder in the second degree, in that he unlawfully and with malice aforethought killed Taylor Fulks by shooting him with a rifle (in the first count of the indictment), but without premeditation or deliberation. In the second count of the indictment it was charged that he killed deceased with a pistol; and in the third count with a gun or pistol. The three counts in the indictment each charged

murder in the second degree. On the trial in the court below he was convicted as charged, and from the judgment of conviction this appeal was taken.

■ The record in this case is voluminous; the transcript contains nearly 150 pages; and, in addition to the oral charge, the court gave nearly 100 special written charges requested by the defendant. The one "refused" charge was the affirmative charge. There is no phase of this case which entitled the defendant to a directed verdict; hence there was no error in the refusal of said charge.

The evidence without dispute or conflict disclosed that Taylor Fulks, the deceased named in the indictment, came to his death as a result of several wounds inflicted upon him during the difficulty between him and this appellant and also the father and brother of this appellant, Lawson Williams, the father, and Hanson Williams, the brother. This appellant admits that at close proximity he shot the deceased twice with a rifle.

Pending the trial there were innumerable exceptions reserved to the rulings of the court upon the admission and rejection of the evidence. There is no necessity or good reason for us to indulge in a detailed discussion of these numerous exceptions, and such discussion will not be had.

The killing being admitted by the accused, the controlling question upon this appeal is whether or not, under the evidence, he was justified in taking the life of Fulks in contemplation of law. The defendant, we apprehend, relied upon self-defense.

It is insisted by the state that from no phase of the testimony, so far as this appellant is concerned, is self-defense available to him (1) for the reason that the evidence discloses that he not only fought willingly, but also brought on the difficulty, or contributed thereto by his words and deeds; (2) that at the time the fatal shots were fired there was no present impending peril to life or danger of great bodily harm, either real or apparent, to himself or his father, or brother, as to create the bona fide belief of an existing necessity. And the state further insists (3) the evidence is without dispute that the defendant had every reasonable opportunity to escape without increasing his peril, and by abandoning the difficulty.

■ We will not elaborate upon the elements of self-defense, other than to say generally the inquiry is: (1) Freedom from fault in bringing on the difficulty; (2) is there reasonable room and ground for escape from injury? Is the threatened assault of such nature as, if perpetrated, it is likely to produce death or grievous bodily harm? In other words, the essential elements of self-defense are: First, that the defendant must be free from fault, must not say or do anything for the purpose of provoking a difficulty, nor be unmindful of the consequences in this respect of any wrongful word or act; second: there must be no convenient mode of escape by retreat or by declining the combat; and, lastly, there must be a present impending peril to life or danger of great bodily harm, either real or apparent, as to create the bona fide belief of an existing necessity.

■ It is elementary, of course, in every case where the material evidence is in conflict, it is the exclusive province of a jury to determine the credibility of witnesses, to weigh the testimony, and find the facts from that testimony.

■ In this case, the defendant was under the duty to retreat, if he could have done so, under the rule above stated; the charge of the trial court to the contrary notwithstanding. In the companion case of Lawson Williams v. State, 163 So. 663,[1] this court, in dealing with this question, said: "We have not been cited to, nor do we know of, any law to support the proposition that the fact that one happens to be on his own land at the time of a difficulty, thereby secures to himself all the rights deducible from the principle which is illustrated by the maxim, that every man's house is his castle and that he has a right to stand at its portals and defend himself against any and all attacks. Nor does the fact that a man is on his own land relieve him of the duty to retreat and flee, if he can do so without increasing his own peril, rather than to take the life of an adversary. Carter v. State, 82 Ala. 13, 2 So. 766; Lee v. State, 92 Ala. 15, 9 So. 407, 25 Am. St. Rep. 17; Vickers v. State, 18 Ala. App. 282, 91 So. 502."

■ There was some evidence in this case which tended strongly to show that the death wound (admittedly inflicted by this appellant) was in the back of the de-

[1] Post, p. 531.

ceased, and that he was shot while running away from the defendant. These facts, as stated, were for the jury, but if, upon the consideration of the evidence on this point, the jury concluded that these facts were true, it would be an end to this case, so far as this appeal is concerned, for the law is: "Where, on a trial under an indictment for murder, the evidence shows that the defendant shot the deceased in the back while the latter was in the act of running from him, there is shown to exist no necessity, real or apparent, which justified the killing, and therefore the defendant in such a case cannot set up self defense." Angling v. State, 137 Ala. 17, 34 So. 846; Wright v. State, 22 Ala. App. 376, 115 So. 852; Riddle v. State, 25 Ala. App. 142, 142 So. 680; and cases cited.

Under the evidence of the defendant himself, when construed in connection with the rules of law hereinabove set forth, we are of the opinion that this appellant, as a matter of law, was guilty of an unlawful homicide, and his conviction therefor must be sustained. This renders unnecessary a consideration by this court of the numerous insistences of error predicated upon the court's rulings to which exceptions were reserved. Vaughan v. State, 21 Ala. App. 204, 107 So. 797, certiorari denied 214 Ala. 384, 107 So. 799.

The judgment of conviction from which this appeal was taken will stand affirmed so far as the guilt of the defendant and his conviction is concerned. The cause must, however, be remanded to the lower court for proper sentence in accordance with the verdict of the jury. The judgment appealed from recites that the jury fixed the punishment at "ten years"; but the court, as shown by the judgment entry, sentenced the prisoner "for a term of twenty years in the penitentiary as a punishment for his said offense." It is possible that this discrepancy is a misprision; hence the order and instruction to the court below to resentence the convict to serve a term of imprisonment in the penitentiary for the term of years as fixed by the jury in their verdict. Under the law, it is the sole province of the jury to prescribe and fix the punishment of every person convicted for the commission of an unlawful homicide. Lawson Williams v. State, supra.

This case is affirmed as to the conviction of the appellant. It is remanded to the lower court for proper sentence in accordance with the foregoing.

Affirmed.

Remanded for proper sentence.

