190 So. 310

## BARNUM v. STATE.

### 6 Div. 414.

Court of Appeals of Alabama.

June 30, 1939.

Norman Gunn, of Jasper, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

On the trial of this case in the court below, a large number of witnesses were examined, and the record here, as a consequence, is voluminous. However, pending the entire trial, that is to say, the taking of the testimony, but four exceptions were reserved to the rulings of the court. We have examined and considered each of said exceptions; no semblance of error appears in either of the court's rulings complained of in this connection. We refrain from a discussion in detail as to these matters for the reason stated.

Appellant, as the record discloses, was a man about 57 years of age, and somewhat infirm. The deceased was a young man of the neighborhood about 19 years of age, and without dispute or conflict it appears from the evidence, that appellant killed deceased by shooting him in the back three times with a pistol.

This appellant was indicted for, and convicted of, the offense of murder in the second degree as a result of said killing, and the jury fixed his punishment at imprisonment for ten years; whereupon, the court adjudged him guilty of murder in the second degree, and in accordance with the verdict sentenced him to imprisonment in the penitentiary for ten years. From the judgment of conviction pronounced and entered, this appeal was taken.

After a careful perusal of all the evidence, and an attentive consideration thereof, we are of the opinion it would be difficult to conceive of a fairer trial than was accorded this appellant by the learned trial judge who presided.

In addition to the admitted killing hereinabove described, the State offered evidence of grievous threats made by the defendant, two or three days before he killed the deceased. This was denied by appellant when testifying in his own behalf. The defendant claimed he shot in self-defense and offered some slight evidence to sustain this insistence. On the trial the court allowed defendant a much wider latitude than he was entitled to. Notably, before any testimony tending to show self-defense was offered, the defendant was permitted to examine numerous witnesses on the question of the bad character of the deceased for peace and quietude. This was not competent, at

the time it was offered, for under the law such evidence is incompetent in the absence of any evidence tending to show that the killing was in self-defense. As stated, the trial court was exceedingly fair to the defendant throughout the entire trial and in every ruling of the court the substantial rights of the accused were meticulously safeguarded. The conflict in the evidence, of course, was for the determination of the jury. It was under the law, the prerogative of the jury to fix the punishment upon conviction, and to our minds the jury were indeed merciful to the aged defendant in this connection.

The killing of Alvis by defendant being admitted, the only issue involved upon this trial, was whether he was justified in so doing under the law of self-defense, and in this case the death wounds being, as stated in the back of deceased, would, of necessity, tend to show that, at the time the fatal shots were fired, the defendant could not have been in imminent danger of suffering death or grievous bodily harm at the hands of deceased. Angling v. State, 137 Ala. 17, 34 So. 846; Wright v. State, 22 Ala.App. 376, 115 So. 852; Riddle v. State, 25 Ala. App. 142, 142 So. 680. This, however, was for the jury under the evidence in the case. The law is, unless the defendant was in such danger, real or apparent, his right of self-defense must fall, and the questions of retreat or freedom from fault need not be entered into.

The only remaining questions involved on this appeal have reference to the action of the court in the refusal to defendant of three special written charges. The following argument of the Attorney General, in his brief, in this connection is hereby approved, and adopted as a part of this opinion.

"On the trial of this cause, the appellant requested the court to give twenty-five written charges to the jury in his behalf. Twenty-two of these charges were given and three refused. Defendant's charge No. 2, which reads as follows, 'The court charges the jury that each juror is required to be satisfied of the guilt of the defendant beyond a reasonable doubt from the evidence before they are authorized to find a verdict of guilt. And each juror must separately and segregately be so satisfied to support a conviction.' This charge was correctly refused by the trial court, as same was amply covered by the oral charge and also by defendant's written charges numbers 11 and 13 which were given at his request by the trial court. Hopkins v. State, 26 Ala.App. 213, 155 So. 891; Green v. State, 26 Ala. App. 287, 158 So. 768.

"Defendant's charge No. 15, which reads as follows: 'The court charges the jury that the humane provision of the law is that upon the evidence there should not be a conviction, unless, to a moral certainty, it excludes every other reasonable hypothesis than that of the guilt of the accused. No matter how strong may be the facts, if they can be reconciled with the theory that some other person may have done the act, then the guilt of the accused is not shown by the full measure of proof the law requires,' was correctly refused by the trial court. In the case of Thomas v. State, 11 Ala.App. 85, 65 So. 863, 866, this exact charge, word for word, was requested by the defendant as his charge No. 3, and was refused by the trial court in that case. The Court of Appeals, in upholding the trial court, said: 'Charge 3 was also properly refused, as was so held in Bohlman v. State, 135 Ala. [45] 50, 33 So. 44, which overruled Gilmore v. State, 99 Ala. 154, 13 So. 536. The former case has been subsequently followed. Oakley v. State, 135 Ala. [29] 35, 33 So. 693; Pitman v. State, 148 Ala. [612] 617, 42 So. 993; Bowen v. State, 140 Ala. [65] 66, 37 So. 233; Fowler v. State, 155 Ala. [21] 28, 45 So. 913; Phillips v. State, 162 Ala. [14] 24, 50 So. 194.'

"Defendant's charge No. 20, which reads as follows: 'The court charges the jury that, if after considering all the evidence in this case, your minds are left in such a state of doubt, whether the defendant acted upon a well founded and reasonable belief that it was necessary to take the life of the deceased to save himself from great bodily harm or death, or that he shot before such impending necessity arose, then this is such a doubt as will entitle this defendant to an acquittal, and you should so find,' was also correctly refused by the trial court. This charge was properly refused because it is hypothesized on a 'doubt' instead of a 'reasonable doubt.' Carter v. State, 145 Ala. 679, 40 So. 82; Minor v. State, 15 Ala.App. 556, 74 So. 98; Alabama Digest Criminal Law ☞789, Subdivision 5."

No motion for a new trial was made.

The record in this case being regular in all respects, and no error appearing in any of the trial court's invoked rulings, it follows that the judgment of conviction from which this appeal was taken must be affirmed. It is so ordered.

Affirmed.