198 So. 70

## GLASS v. STATE.

### 4 Div. 543.

Court of Appeals of Alabama.

June 25, 1940.

Rehearing Denied Aug. 6, 1940.

W. L. Lee and Alto V. Lee, III, both of Dothan, for appellant.

Thos. S. Lawson, Atty. Gen., and John W. Vardaman, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

The indictment in this case charged appellant, defendant below, with the offense of murder in the first degree, in that he unlawfully and with malice aforethought killed Bobbie Lee Whitehead by shooting him with a pistol, etc.

In answer to the indictment, the defendant interposed a plea of "not guilty," and also a special plea of "not guilty by reason of insanity," under the provisions of Section 4573, of the Code 1923.

The trial of the case, in the court below, resulted in the conviction of the defendant for the offense of manslaughter in the first degree, and the jury fixed his punishment at ten years' imprisonment; whereupon the trial court duly and legally adjudged him guilty in accordance with the verdict of the jury, and sentenced him to imprisonment in the penitentiary for a period of ten years. From such judgment, pronounced and entered, this appeal was taken.

From the evidence it appears without dispute that Harvey Glass, defendant, was a policeman in the Town of Ashford, Houston County, Alabama; and that on a Saturday afternoon, in the month of August, 1938, he, Glass, undertook to arrest

Bobbie Lee Whitehead, deceased, who appeared to be drinking. The facts incident may be best stated by quoting from the testimony of State witness Carl Thompson, whose quoted statements were corroborated by several eye witnesses. Said Thompson, among other things, testified as follows:

"In August last year I was present in Ashford, Alabama, when Shorty Glass, the Defendant, shot Bobbie Lee Whitehead. * * * I was standing talking to Bobbie Lee Whitehead when Shorty walked up. Shorty caught him by the arm and pushed him and shoved him and told him to let's go. Bob told him to leave him alone and he would go, and Shorty struck at him with his club. Shorty Glass was a policeman at Ashford at the time. When he struck him with the club, it (the club) fell over behind Bobbie. Bob knocked Shorty Glass down and ran. He hit him with his fist. When Bob ran Shorty got up, grabbed his pistol, ran after him, and when he got about even with the fish joint, shot at him three times. Bob turned to the right at that little path behind the bank and out to the two houses. There was a house on the corner and you had to turn there and go due east. Bob ran out there and Shorty ran after him until he got to that house and Shorty shot him three more times, the third and last shot hitting Bobbie Lee. It hit him in the back and Bob fell, catching his side. He fell up beside a tree and sat down I went over to him and picked him up. Nobody didn't put their hands on him. In my judgment, it was about 150 yards from where the first difficulty was to where Bobbie fell.

"Bobbie Lee was running and Mr. Glass was running in the same direction, following Bobbie Lee. While they were running Bob would look back every once in a while and Shorty was running as hard as he could towards him, and when he got to that house, he shot him, the third shot hitting him. He caught his side and fell up against the tree. Mr. Glass turned around and said, 'There lays the God-damn son of a bitch; if you want him go get him.' Mr. Whitehead was, in my judgment 34 steps from Mr. Glass at the time he was shot."

A large number of witnesses were examined upon the trial of this case, and nowhere in any of the testimony is there any dispute as to the fact that this appellant killed the deceased by shooting him in the back with a pistol while the latter was running from him. That the defendant shot at deceased six times while he was thus running away from him, and that the fatal wound was in the back of deceased, near the center.

Under the foregoing undisputed facts, the question of self-defense is not involved in this case. Angling v. State, 137 Ala. 17, 34 So. 846. In said case the court declared: "Where, on a trial under an indictment for murder the evidence shows that the defendant shot the deceased in the back while the latter was in the act of running from him, there is shown to exist no necessity real or apparent, which justified the killing, and therefore the defendant in such a case can not set up self defense." See also Cobb v. State, 19 Ala. App. 345, 346, 348, 97 So. 779; Mangino v. Todd et al., 19 Ala.App. 486, 491, 98 So. 323; Moon v. State, 21 Ala.App. 111, 112, 105 So. 427; Vaughan v. State, 21 Ala. App. 204, 107 So. 797; Wright v. State, 22 Ala.App. 376, 115 So. 852; Riddle v. State, 25 Ala.App. 142, 142 So. 680; Williams v. State, 26 Ala.App. 529, 163 So. 668; Barnum v. State, 28 Ala.App. 590, 190 So. 310.

We note a few exceptions to the court's rulings upon the main question involved as to the killing of deceased by defendant. No error appears in any of these rulings. The statement made by witness Bunyon White to defendant was clearly admissible as being of the res gestae. Tittle v. State, 15 Ala.App. 306, 73 So. 142, 145. In said case the court stated: "While the fight was in progress, what was said and done by the bystanders was a part of the res gestæ."

On the issue presented by the special plea of not guilty by reason of insanity, we are clear to the conclusion that no ruling of the court, complained of in this connection, was infected with error injurious to the substantial rights of defendant. To the contrary it affirmatively appears that upon this phase of the case the trial court allowed the defendant more latitude and a wider scope of inquiry than the settled rule provides. Douglass v. State, 21 Ala. App. 289, 107 So. 791; Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Manning v. State, 217 Ala. 357, 116 So. 360. The evidence in this case as to this question in behalf of the accused was very vague and in many instances uncertain, yet the court submitted this controversy to the jury with all of the evidence and in the oral charge

470

to the jury clearly and fully stated the law governing the point of decision involved.

█ Charge 3, requested by the defendant, was properly refused, there being no evidence in this case which would have justified the jury in finding 'that the deceased had committed a felony. Lambert v. State, 13 Ala.App. 289, 69 So. 261; Alabama Digest, Criminal Law, ☞814 (3).

There being no reversible error in any of the court's rulings, and the record proper being free from error, the judgment of conviction from which this appeal was taken must be and is affirmed.

Affirmed.