36 So.2d 600

## VAUGHN v. STATE.

### 7 Div. 952.

Court of Appeals of Alabama.
June 29, 1948.

Rehearing Stricken Aug. 3, 1948.

Roy D. McCord, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

Upon an indictment which charged defendant (appellant) with the offense of murder in the first degree, he was tried and convicted of manslaughter in the first degree. His punishment was fixed at imprisonment in the penitentiary for five years.

The deceased named in the indictment was named Virgil Parker, and he was sometimes called Bud Parker. There is no dispute about the fact that the said Parker was killed, on the night in question, by having been shot, nor is there any dispute about the fact that the death wound upon his body was in his back, near the center of his body. The eyewitnesses to the shooting testified that this appellant shot him with a rifle while Parker was running away from appellant, and that at the time Parker was about 15 or 20 steps from appellant when the shot was fired.

There being no dispute or conflict in the evidence as to the location of the death wound upon deceased, the plea of self-de-

fense was unavailing to defendant, it affirmatively appearing there was no necessity real or apparent which could justify the shooting.

In our case of Glass v. State, 29 Ala.App. 468, 198 So. 70, 71, cert. denied 240 Ala. 123, 198 So. 72, this court said:

" 'Where, on a trial under an indictment for murder the evidence shows that the defendant shot the deceased in the back while the latter was in the act of running from him, there is shown to exist no necessity real or apparent, which justified the killing, and therefore the defendant in such a case can not set up self defense.' See also Cobb v. State, 19 Ala.App. 345, 346, 348, 97 So. 779; Mangino v. Todd et al., 19 Ala.App. 486, 491, 98 So. 323; Moon v. State, 21 Ala.App. 111, 112, 105 So. 427; Vaughan v. State, 21 Ala.App. 204, 107 So. 797; Wright v. State, 22 Ala.App. 376, 115 So. 852; Riddle v. State, 25 Ala.App. 142, 142 So. 680; Williams v. State, 26 Ala.App. 529, 163 So. 668; Barnum v. State, 28 Ala.App. 590, 190 So. 310."

What has been said is conclusive of this appeal, hence the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.