158 So. 316

## GRIFFIN v. STATE.

### 1 Div. 827.

Supreme Court of Alabama.

Dec. 20, 1934.

Pitts & Pitts, of Selma, J. D. Ratcliffe, of Monroeville, and G. O. Dickey, of Evergreen, for appellant.

ory of the homicide, in finding that there was a conspiracy between this defendant, his uncle, Bonner Griffin, and cousin, Roy Griffin, to visit the store of Williamson, where the killing occurred, to renew with the deceased, Mixon, or avenge, the former difficulty between Roy Griffin and said deceased, Mixon; that Roy and others left the store shortly after the first difficulty and returned to or towards the home of Bonner Griffin, where they met or came in contact with Bonner Griffin and the defendant, and it could well be inferred that the latter were informed of the previous difficulty and immediately went to the Williamson Store, where the deceased was, for the purpose of renewing the difficulty or, in fact, for the purpose of killing the deceased, Roy going in the front entrance to the store, and the defendant and Bonner Griffin, being heavily armed, entering the store from the rear, when the said defendant immediately shot the deceased, who, according to the state's evidence, was making no hostile demonstration and was not at the time engaged in an altercation.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., and H. M. Caffey, Jr., Sol., of Brewton, for the State.

▮ There being evidence establishing a conspiracy, the trial court did not err in admitting what was said by Bonner immediately after the shooting while in the store or immediately after they left the store, as it was not only a part of the res gestæ but was in the presence and hearing of the defendant. Nor was there error in permitting the state to prove that Roy drew a pistol, upon returning to the store, and just before the killing.

The trial court excluded all details of the former difficulty, and merely permitted the witnesses to show that shots were fired and which merely went to the nature or gravity of same. White v. State, 209 Ala. 546, 96 So. 709. There was no proof as to who fired the shots or the result of same. Moreover, the witnesses both for the state and defendant, without objection, referred generally to the first and second as having first heard two shots and later one shot, thus distinguishing the two difficulties by the number of shots fired.

▮▮ When Bishop Williamson was on the stand, after testifying as to the entire transaction, and that Roy Griffin exhibited a pistol, he was asked on recross-examination:

"Now, Your Honor, we ask the Court to permit us to show how deep the pocket of this witness' coat is.

"The Court: I think it is utterly immaterial."

**ANDERSON, Chief Justice.**

The trial court, as well as the jury, was warranted, from the state's evidence and the-

We also think it was immaterial to show the depth of the pocket of the witness Wil-

liamson. Counsel may have meant the pocket of Roy, but such was not the question proposed. Next:

"It is suggested by Counsel that we offer that for the purpose of proving that an ordinary pistol could not be concealed in that coat for whatever it is worth.

"The Court: I still sustain the objection, Mr. ――――, and I think an attorney of your ability wouldn't be taking up the time of the Court on propositions of that kind.

"Counsel for defendant: We except, if Your Honor please."

Conceding that all of this related to the pocket of Roy Griffin, and not the witness, we do not understand that there was an issue as to whether or not the pistol was concealed, but, apart from this, the coat of Roy was introduced, and the jury had the opportunity of examining the pocket. Much was said in oral argument as to the remark of the court to counsel when ruling upon this question. We may concede that the remark may have exhibited some little impatience on the part of the court, but do not think that it did or could result in any injury to the defendant. Moreover, the exception noted was to the ruling of the court and not the remark. Had counsel objected or excepted to the remark, the court would no doubt have withdrawn or neutralized same with a pleasant or perhaps complimentary explanation.

■■ There was no error in refusing the defendant's requested charge C. In the first place, it is abstract, as the defendant was not himself in imminent peril; his theory of self-defense being that he fired the fatal shot to save or protect Roy Griffin from a serious attack by the deceased. Upon this theory, the charge was faulty, as it pretermits any fault or responsibility on the part of said Roy Griffin in provoking or bringing on the difficulty. It is well settled by the decisions of this court that he who invokes self-defense in protection of a third person is placed in the shoes of him whom he seeks to protect. Mitchell v. State, 129 Ala. 23, 30 So. 348; Sherrill v. State, 138 Ala. 3, 35 So. 129; Morris v. State (Ala. Sup.) 39 So. 608; Vaughan v. State, 21 Ala. App. 204, 107 So. 797; Id., 214 Ala. 384, 107 So. 799.

While discussing only the points argued by the appellant's counsel, we are not unmindful of our duty to consider all rulings involved, which has been done, and we fail to find where the trial court has committed any reversible error, and the judgment of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.