158 So. 773

## GRIFFIN v. STATE.

### I Div. 167.

Court of Appeals of Alabama.

Jan. 15, 1935.

Pitts & Pitts, of Selma, J. D. Ratcliffe, of Monroeville, and G. O. Dickey, of Evergreen, for appellant.

Thos. E. Knight, Jr., Atty. Gen., and Jas. L. Screws, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

This appellant was jointly indicted with three others, to wit, Willie Griffin, Roy Griffin, and Blanch Griffin, for the offense of murder in the first degree; the charge being that they unlawfully, and with malice aforethought, killed Willard Mixon by shooting him with a rifle, etc. The record shows that each of the defendants moved the court for a severance, which was granted, and separate trials were had, as the law provides. Section 5570, Code Ala. 1923.

The trial of this appellant resulted in his conviction of manslaughter in the first degree, and his punishment was fixed by the jury at ten years' imprisonment in the penitentiary. Judgment of conviction was duly pronounced and entered in accordance with the verdict, from which this appeal was taken.

The record in this case is voluminous, containing 134 pages, and innumerable exceptions were reserved to the court's rulings pending the trial.

The evidence shows without dispute that Willard Mixon, the deceased named in the indictment, was killed by having been shot with a rifle, and that Willie Griffin, one of the defendants named in the indictment, fired the shot that killed Mixon. The state

contended in the court below, and here insists, that a conspiracy upon the part of each of the named defendants existed, and while admitting, as stated, that Willie Griffin actually did the killing, it is insisted that this appellant was an accessory or a coconspirator in the commission of the crime; hence should be tried and punished as if he had actually committed it. The law, as it now stands in this state, is that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, though not present, must be indicted, tried, and punished as principals. Code 1923, § 3196.

■ The paramount, in fact, controlling, question in this case, is whether or not the trial court and the jury were warranted in finding from the evidence that a conspiracy existed by and between the accused parties to commit the offense complained of, and that such offense was the result of said conspiracy. As to this material question, this court must hold that the judge and jury were so warranted, for under the statute (section 7318, Code 1923) the decisions of the Supreme Court of this state shall govern the holdings and decisions of this court; and the point of decision here involved has been definitely decided by the Supreme Court in the case of Willie Griffin v. State, 158 So. 316. As stated hereinabove, it was undisputed that Willie Griffin fired the fatal shot, and upon his conviction the punishment fixed exceeded the jurisdiction of this court, and the appeal in his case was heard and determined in the Supreme Court, and through Mr. Chief Justice Anderson the Supreme Court had this to say on the question under discussion: "The trial court, as well as the jury, was warranted, from the state's evidence and theory of the homicide, in finding that there was a conspiracy between this defendant, his uncle, Bonner Griffin [this appellant], and cousin, Roy Griffin, to visit the store of Williamson, where the killing occurred, to renew with the deceased, Mixon, or avenge, the former difficulty between Roy Griffin and said deceased, Mixon. * * *" And, continuing, the Supreme Court said: "There being evidence establishing a conspiracy, the trial court did not err in admitting what was said by Bonner [this appellant] immediately · after the shooting while in the store or immediately after they left the store, as it was not only a part of the res gestæ but was in the presence and hearing of the defendant."

The instant appeal is identical with that of Willie Griffin v. State, supra. The two cases and that of the other defendant Roy Griffin grew out of the same transaction. The three named persons were jointly indicted, but, upon severance being granted, were tried separately. As we see it, this case could well be affirmed upon authority of Willie Griffin v. State, supra, without further discussion. It is true there are numerous other insistences of error in this case, but, as stated, the controlling question has been decided adversely to appellant by the Supreme Court, by which decision this court is bound; hence it would serve no good purpose to prolong this opinion by a discussion of other questions insisted upon, none of which could call for a reversal of the judgment of conviction from which this appeal was taken. The record is regular, and the judgment appealed from is affirmed.

Affirmed.