175 N.W.2d 620 (1970)
185 Neb. 329
STATE of Nebraska, Appellee,
v.
William WASHINGTON, Appellant.
No. 37286.
Supreme Court of Nebraska.
March 20, 1970.
A. Q. Wolf, Public Defender, Lynn R. Carey, Jr., Asst. Public Defender, Omaha, for appellant.
Clarence A. H. Meyer, Atty. Gen., Mel Kammerlohr, Asst. Atty. Gen., Lincoln, for appellee.
Heard before WHITE, C. J., and CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN and NEWTON, JJ.
WHITE, Chief Justice.
A manslaughter conviction is sought to be reversed because of a failure to instruct the jury as to the right of the defendant to use force in the defense of another. We reverse the judgment and remand the cause for a new trial.
In a State accepted version of the facts the defendant's testimony, supported by the chief prosecution witness, is that in the early morning hours of September 20, 1968, at Twenty-fourth and Lake Streets, Omaha, Nebraska, decedent was running rapidly pursuing a young woman, an acquaintance of defendant. Just before this the decedent, *621 in a camper truck, was observed pursuing the same woman in her automobile. The defendant stepped into the line of pursuit and hit the decedent one blow with his fist in the chest-stomach region. Combined with blows struck by others, decedent's death resulted.
No Nebraska precedent is available, but the prevailing rule, almost without contradiction, says that a defendant may lawfully do in another's defense what such other might lawfully do in his own defense, but no more. See 40 C.J.S. Homicide § 108 a, p. 968. See, also, Griffin v. State, 229 Ala. 482, 158 So. 316; People v. Will, 79 Cal.App. 101, 248 P. 1078; People v. Spranger, 314 Ill. 602, 145 N.E. 706; State v. Borwick, 193 Iowa 639, 187 N.W. 460; Hendrick v. State, 63 Okl.Cr. 100, 73 P.2d 184; Martinez v. State, 142 Tex.Cr.R. 313, 152 S.W.2d 369; People v. Roe, 189 Cal. 548, 209 P. 560; People v. Sullivan, 345 Ill. 87, 177 N.E. 733.
Our standard instruction on self-defense is well established. See NJI 14.33, p. 315. See, also, Housh v. State, 43 Neb. 163, 61 N.W. 571 (1895); State v. Kimbrough, 173 Neb. 873, 115 N.W.2d 422 (1962); State v. Archbold, 178 Neb. 433, 133 N.W.2d 601 (1965). It is readily adaptable to fit a proper submission of the issue of defense in this case.
The theory of the defense was clearly presented in the evidence. In fact it was the only one, and it was specifically called to the attention of the trial court. A jury could reasonably infer, if the defense testimony was believed, that the elements required by our law of self-defense were present. It was error not to give an instruction on this issue.
Other contentions of the defendant have been examined and are without merit.
The judgment of the district court is reversed and the cause remanded for a new trial.
Reversed and remanded.