421 So.2d 1361 (1982)
Coleman PENNINGTON
v.
STATE of Alabama.
8 Div. 710.
Court of Criminal Appeals of Alabama.
October 12, 1982.
Rehearing Denied November 2, 1982.
Roger H. Bedford, Jr. of Bedford, Bedford & Rogers, Russellville, for appellant.
Charles A. Graddick, Atty. Gen., and Rivard D. Melson, Asst. Atty. Gen., for appellee.
TYSON, Judge.
Coleman Pennington was indicted in two counts of theft in the first degree in violation of § 13A-8-3, Code of Alabama 1975. The jury found the appellant guilty "under Count I of the indictment." Following a habitual offender hearing, the appellant was sentenced to life in the penitentiary.
Anthony Shepherd testified that on October 24, 1981, the appellant, Pennington, drove Shepherd and appellant's son, Phillip, to Delta Contractors, Inc. The reason for going to Delta was to steal a battery for appellant's car. Once at Delta, Shepherd and Phillip scaled the fence which enclosed part of Delta's premises. They stole a battery, a C.B. and a calculator from vehicles parked inside the fenced area. They climbed back over the fence and went to meet appellant who had parked his car down the road.
The three installed the battery they had stolen from Delta, but discovered it would not work. After putting the old battery back in the car, they made another trip to Delta to steal another battery. Once inside the fence, the two boys decided to steal two chain saws, a surveyor's level, an air *1362 wrench, an impact wrench and a Ford Mustang in addition to the battery. Phillip said he was going to drive the Mustang to Lake Number Six and told Shepherd to get his father and meet him there. The pair loaded the stolen items into the Mustang, opened the gate with a monkey wrench and Shepherd drove off.
Shepherd found the appellant who had been driving back and forth by Delta waiting for the two boys. The appellant and Sheperd then drove to Lake Number Six. Upon arriving there they found Phillip and the Mustang which was stuck in the mud. Phillip told them he had gotten the Mustang stuck and couldn't get it out. The three then removed the battery from appellant's car and replaced it with the one they had just stolen. They then transferred the stolen goods from the Mustang to the appellant's car, and went to the appellant's brother's house and sold some of the stolen items.
The next day appellant was involved in an automobile accident with Roy and Eloise Houston. Donnie McGuire, the policeman who investigated the accident testified he saw two of the stolen goods (the air wrench and the calculator) in appellant's vehicle. He further testified that when McGuire attempted to ask the appellant certain questions concerning the theft, once he was in custody, the appellant responded "I'll take the blame for it, my boy wasn't with me." When McGuire asked appellant what he would take the blame for, he answered, "I don't know."
Russellville Police Chief Burns Saint testified that appellant told him he had pawned the stolen goods and could get them back for thirty dollars, if Saint could get him out on bail. The appellant also told Saint where to find the Mustang.
Phillip testified on behalf of his father and stated that his father knew nothing about the boys' plan to steal anything until after the act in question had taken place, but admitted the appellant drove them to Delta and took Shepherd to meet him at Lake Number Six.
Appellant's testimony was essentially the same as his son's. He said he did not participate in the theft and once he learned of it, he took the stolen property to his brother's house to keep until he could return the goods to their rightful owner or owners. The appellant admitted he had seven prior felony convictions.

I
The appellant's sole contention is that the trial court erred in overruling the appellant's motion to dismiss for failure of the State to introduce sufficient evidence to support a prima facie case of the crime with which the appellant was charged. Defense counsel urges that this appeal is based on the ground that the State did not prove the appellant was a direct participant in the theft in question.
This issue was addressed by this court in Killough v. State, (3 Div. 400), (Ala.Cr.App. 1982). We stated:
"A Conviction of one charged in the indictment with having been the actual perpetrator of a crime is authorized on proof of a conspiracy or that the accused aided or abetted in the commission of the crime. Stokley v. State, 254 Ala. 534, 49 So.2d 284 (1950). An aider or abettor may be indicted directly with the commission of the substantive crime and the charge may be supported by proof that he only aided and abetted in its commission. Pope v. State, 365 So.2d 369 (Ala.Cr.App. 1978)."
Any person who is present, encourages, aids, abets or assists another in any way, in the commission of a crime is equally as guilty as the one who directly commits the act, and the aider and abettor must be indicted, tried and punished as a principal. Griffin v. State, 26 Ala.App. 292, 158 So. 773 (1935), Stokley, supra.
A conspiracy is rarely proved by positive testimony. The jury must "determine whether it exists, and the extent of it, from the conduct of the parties and all the testimony in the case." Stokley, supra. The function of this court is not to determine *1363 whether the evidence is believable beyond a reasonable doubt but to decide whether there is legal evidence from which a jury could by fair inference find the defendant guilty. Johnson v. State, 378 So.2d 1164 (Ala.Cr.App.1979).
A review of the record reveals that there was sufficient evidence to establish a prima facie case of appellant's participation in the theft. The appellant's own testimony shows that he did drive the actual perpertrators of the theft to the scene of the crime. He admitted that he knew the goods were stolen when he took them to his brother's and that he knew that the battery that he put in his car had been stolen by the two boys. Furthermore, the testimony of Shepherd was clearly sufficient to connect the appellant with the theft and to support his conviction.
For these reasons, we are of the opinion that there was sufficient legal evidence from which the jury could, by fair inference, find the appellant guilty as charged in this case. Therefore, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.