PATTERSON, Judge.
Appellant, Tommy Lee Sommerville, was indicted for escape in the second degree, in violation of § 13A-10-32, Code of Alabama 1975. A jury found him guilty as charged, and the trial court sentenced him as a habitual offender to 15 years’ imprisonment.[1] Section 13A-10-32 provides, in pertinent part, as follows:
*1166 “(a) A person commits the crime of escape in the second degree if he escapes ... from a penal facility.”
A city jail is a penal facility. § 13A-10-30(b)(3). Sommerville appeals, claiming that the state failed to prove that he escaped from a penal facility. He argues that he was not confined in a penal facility at the time he departed but was outside the facility, which, in this case, was the Tuscaloosa municipal jail, on an authorized work detail and that, if he is guilty of anything, he is guilty of escape from custody under § 13A-10-33 and not escape from a penal facility under § 13A-10-32. He contends that there was a fatal variance between the indictment and the proof, i.e., that the indictment alleged escape from a penal facility, and that the proof showed escape from custody. He preserved this issue for review by a motion to exclude the state’s evidence. We will consider this motion as a motion for judgment of acquittal pursuant to A.R.Crim.P.Temp. 12.
Appellant was serving a sentence in the Tuscaloosa municipal jail for a misdemean- or conviction. He was designated a “trusty” and was assigned to work with the janitorial staff of the police department. In return for his work, he received additional credit against his time to be served. On occasion, his work as a trusty carried him outside the confines of the jail. On the date of his alleged escape, he was engaged in hauling trash from various municipal buildings outside the jail to a trash dump approximately two miles from the jail. He was working with, and under the supervision of, a city employee, and they were using a city vehicle. On a return trip from the dump, appellant asked the city employee, who was driving the vehicle, to stop at a housing project so that he could collect some money that was owed him. The employee agreed and stopped the vehicle. Appellant went into the housing project, but did not return. After a fruitless search for appellant, arrest warrants were issued, charging him with escape. He was apprehended six months later.
“An inmate of a prison is, of course, in custody. When he is allowed temporarily to leave the prison without supervision, he is no longer in actual custody. Nevertheless, he remains in constructive custody. Thus, a prisoner commits escape when he fails to return to prison or to a prison work camp upon the expiration of a furlough ... or when, as a trusty who is allowed to work outside the prison unguarded, he leaves his work station without authority.”
4 Wharton's Criminal Law § 664 (C. Torcia 14th ed. 1981) (footnotes omitted). See Alexander v. State, 475 So.2d 625 (Ala.Cr.App.1984), rev’d on other grounds, 475 So.2d 628 (Ala.1985); Carr v. State, 406 So.2d 440 (Ala.Cr.App.1981); Jenkins v. State, 367 So.2d 587 (Ala.Cr.App.1978), cert. denied, 367 So.2d 590 (Ala.1979); 76 A.L.R.3d 658 (1977).
“In Jenkins v. State, 367 So.2d 587, 588-89 (Ala.Cr.App.1978), cert. denied, Ex parte Jenkins, 367 So.2d 590 (Ala.1979), this Court held that a ‘prisoner on furlough is as much in the legal custody of the institution for purposes of escape as is a prisoner confined within the prison walls.’
“ ‘Though there is some authority to the contrary, the majority view as recognized by a significant number of cases is that “for the purposes of a prosecution for escape from custody under a general escape statute, a prisoner remains, in law, as much in custody when he is allowed outside the prison without supervision as when he is confined within the prison walls.” 76 A.L.R.3d 658 at 670 (1977).
“ ‘The underlying theory is that the “critical factor” in escape is the “defendant’s voluntary departure from an underlying and continuing ‘legal’ custody by the institution of commitment of the person of the defendant — it being unessential whether at the particular moment of defendant’s departure such ‘legal custody’ is being objectively manifested in fact by a physical restraint of defendant’s person.” State v. Holbrook, 318 A.2d 62, [66], 76 A.L.R.3d 646, 651 (Me.1974).’
“Although Jenkins was decided under our old general escape statute, Alabama *1167 Code 1975, § 13-5-65 (‘escape from the penitentiary or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary’), its principles are applicable to our present statute.”
Alexander v. State, 475 So.2d at 626-27.
“Custody is ‘a restraint or detention by a public servant pursuant to a lawful arrest, conviction or order of court, but does not include mere supervision of probation or parole, or constraint incidental to release on bail.’ Section 13A-10-30(b)(1). The key word in the definition of ‘custody’ is ‘restraint’. See commentary following Section 205.00, New York Revised Penal Law. ‘A person may still be in custody even though not under constant supervision by guards, so long as some restraint remains upon complete freedom.’ Read v. United States, 361 F.2d 830, 831 (10th Cir.1966). ‘It is not necessary that the prisoner be confined by physical force, and the fact that he was unguarded at the time of his escape is immaterial.’ 30A C.J.S. Escape § 5 (1965). See also Jenkins v. State, 367 So.2d 587 (Ala.Cr.App.1978), cert. denied, 367 So.2d 590 (Ala.1979).”
Carr v. State, 406 So.2d at 441.
The question here is whether, under these circumstances, the appellant is guilty of the escape described in the indictment. The evidence shows that, at the time of his escape, he was not physically in the jail, but was outside the jail on a supervised work detail. Although appellant was a trusty and was allowed to go outside the jail to perform certain supervised tasks, he continued to be subject to the restraints imposed upon him by his confinement in the jail, was bound to obey the jail rules, and was required to return to the jail when his work was finished. While performing his duties as a trusty, he was still serving his sentence, was an inmate of the jail, and was within the custody of the jail officials. His escape from the work detail had no legal significance different from an escape from the jail itself. The outside work place was an extension of the limits of his confinement and, while he was engaged in such work, he was in constructive custody.
We find no variance between the indictment and the proof. The denial of the motion to exclude the state’s evidence was proper. The judgment must, therefore, be affirmed.
AFFIRMED.
All Judges concur.

. The record reflects that, upon subsequent application for probation, appellant was ordered to serve a one-year “split” sentence and a probationary period of five years.