After a lengthy hearing, the Talladega County Juvenile Court ordered S.D., a 17-year-old juvenile, transferred to the circuit court for prosecution as an adult for the crime of murder. Only one issue is raised in this appeal from the certification order.
Although the trial court made reference to both at the beginning of the certification hearing, the record currently before this Court does not contain a petition alleging *Page 929 
the delinquency of S.D., see Ala. Code 1975, §§ 12-15-50, 12-15-52; Rule 12, A.R.Juv.P., or a motion by the prosecutor requesting that S.D. be transferred to circuit court, see Ala. Code 1975 § 12-15-34(a) and (b). Relying on this deficiency in the record, the appellant asserts that the juvenile court had no jurisdiction to enter the certification order and that, consequently, that order is void.
The State answers that the burden is on the appellant to file a complete record on appeal and that "once [a]ppellant determined that the petition and motion to transfer were not in the record a motion to correct the record on appeal, pursuant to [Rule 10(f), A.R.App.P.] should have been filed. This would have allowed the record on appeal to be supplemented to include these obviously inadvertently omitted items." Appellee's brief at 5-6. We point out that the State could also have sought the correction of the record under Rule 10(f), A.R.App.P., but did not do so.
This Court "of its own initiative, may direct that the omission . . . be corrected, and if necessary, that a supplemental record be certified and transmitted." Rule 10(f). See also Smith v. State, 557 So.2d 1322, 1325 (Ala.Cr.App. 1989). Because it appears to this Court that a petition alleging delinquency and a motion to transfer were actually filed in this case, we remand this cause to the juvenile court with directions that that court cause the record to be supplemented with the petition and the prosecutor's motion to transfer. In the event these documents were not filed, the juvenile court is ordered to make written findings to that effect. The supplemental record or the trial court's written findings shall be forwarded to this Court for further review within 30 days from the date of this opinion.
REMANDED WITH DIRECTIONS.
All Judges concur.