The appellant, Donald Jones, was convicted of two counts of possession of a forged instrument in the second degree, violations of § 13A-9-6, Code of Alabama 1975. He was sentenced under the Habitual Felony Offender Act to two concurrent terms of 15 years in prison.
The state's evidence tended to show that on June 22, 1990, the appellant and his co-conspirator, Raymond Williams, stole Tom Earley's checkbook, which contained blank checks, from his automobile. After stealing the checkbook, the two went to a convenience store in Samson, Alabama, where they filled up their car with gasoline and paid for the gasoline with one of the stolen checks. At this time, the checkbook was in Williams's possession. However, the clerk of the convenience store knew the appellant. The appellant encouraged the clerk to take the check in the amount of $16.68 and assured him that the check was "good". Williams had signed Earley's name to the check. Later that same evening Williams cashed another check in the amount of $5.00 at the same convenience store. The clerk said that the appellant was not at the counter with Williams when Williams signed this second check, but that they both left the store together.
The two then went to Geneva, where they attempted to cash a check at a Piggly Wiggly grocery store. The check had been signed by the appellant and was made out to Williams. The clerk at the Piggly Wiggly refused to honor the check. The two were later stopped by police at an IGA grocery store in Geneva after trying to cash another forged check.
 I
The appellant initially argues there was insufficient evidence to find him guilty of the crimes charged. Section13A-9-6 provided, in pertinent part:
 "(a) A person commits the crime of criminal possession of a forged instrument in the second degree if he possesses or utters any forged instrument of a kind specified in section 13A-9-3
with knowledge that it is forged and with intent to defraud."
The appellant's specific contention is that because, he says, he was never seen having actual possession of the forged checks, he cannot be found guilty of possessing a forged instrument. The appellant, however, fails to consider the Alabama statutes dealing with accessory liability. Section13A-2-23 provides, in pertinent part:
 "A person is legally accountable for the behavior of another constituting a criminal *Page 391 
offense if, with the intent to promote or asist the commission of the offense:
 "(1) He procures, induces or causes such other person to commit the offense; or
 "(2) He aids or abets such other person in committing the offense. . . ."
" 'Aid and abet "comprehend all assistance rendered by acts or words of encouragement or support or presence, actual or constructive, to render assistance should it become necessary." ' " Gwin v. State, 456 So.2d 845, 851 (Ala.Cr.App. 1984), quoting Jones v. State, 174 Ala. 53, 57, 57 So. 31 (1911). See also Watkins v. State, 495 So.2d 92 (Ala.Cr.App. 1986).
In Alabama an accessory to the crime can be adjudged guilty and punished the same as the principal. "Alabama Code §13A-2-23 (1975) continues the long recognized abolition of the distinction between principals and accessories in Alabama."Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985).
" 'One who assists, procures, or counsels another to commit [a crime] and is absent when it is committed is guilty as an accessory before the fact. . . ." Faircloth, 471 So.2d at 489. This court has consistently held that one does not have to be present at the act in order to be found guilty under §13A-12-23, Code of Alabama 1975.
 "The law, as it now stands in this state, is that all persons concerned in the commission of a felony, whether they directly commit the act constituting the offense or aid or abet in its commission, though not present, must be indicted, tried, and punished as principals."
Griffin v. State, 26 Ala. App. 292, 158 So. 773, aff'd,26 Ala. App. 294, 158 So. 775 (Ala. 1935); Faircloth, supra. The jury could freely determine from the evidence that the appellant aided and abetted Williams in passing the forged checks.
The appellant further contends that there was no evidence that he intended to commit the crimes. Whether the appellant had the requisite intent was a question for the jury.Gwin, supra.
Here, Williams testified at trial that he and the appellant stole Earley's checkbook and that they then passed two forged checks. The appellant also confessed and told police that he was present when Williams wrote the checks to the convenience store and that he knew that Williams had signed Earley's name to the checks. Along with the evidence recited above, there was ample evidence from which the jury could find the appellant guilty of two counts of possessing a forged instrument.
 II
The appellant further argues that the prosecution used its peremptory strikes in a racially discriminatory manner. Specifically, he argues that the prosecution's removal of two of the four blacks from the venire violated the United States Supreme Court holding in Batson v. Kentucky, 476 U.S. 79,106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). The United States Supreme Court in Batson held that the Equal Protection Clause of the United States Constitution forbids the removal of blacks from a black defendant's jury solely on the basis of their race. The Court, in Powers v. Ohio, 499 U.S. 400, 111 S.Ct. 1364,113 L.Ed.2d 411 (1991), held that white defendants could also make a Batson claim. This was further applied to civil litigants inEdmonson v. Leesville Concrete Co., ___ U.S. ___,111 S.Ct. 2077, 114 L.Ed.2d 660 (1991), and also applied to defense counsel in Georgia v. McCollum, ___ U.S. ___, 112 S.Ct. 2348,120 L.Ed.2d 33 (1992); Lemley v. State, 599 So.2d 64
(Ala.Cr.App. 1992).
Once a prima facie case of discrimination has been established, the court is then required to review the prosecution's reasons for striking the blacks from the venire.Batson.
Here, the record reflects that the venire contained four black prospective jurors. The prosecution struck three of the four. On appeal, the appellant questions the removal of two of the prospective jurors. The record reflects that these two prospective jurors were removed because they stated that they knew the appellant. This is a valid race-neutral reason for removing a black prospective *Page 392 
juror. Powell v. State, 548 So.2d 590 (Ala.Cr.App. 1988), aff'd,548 So.2d 605 (Ala. 1989); Harris v. State, 545 So.2d 146
(Ala.Cr.App. 1988).
The appellant maintains that the prospective jurors who indicated that they knew the appellant should not have been struck because, he says, they did not have a strong relationship with the appellant. As Judge Bowen stated inWilsher v. State, 611 So.2d 1175 (Ala.Cr.App. 1992):
 "[A] veniremember whose 'acquaintance with [a] party or relative [or witness] is such that it would result in probable prejudice' is subject to challenge for cause. Vaughn v. Griffith, 565 So.2d 75, 77 (Ala. 1990), cert. denied, 498 U.S. 1097, 111 S.Ct. 987 [112 L.Ed.2d 1072] (1991). However, a prosecutor's explanation for his exercise of a peremptory strike 'need not rise to the level of a challenge for cause.' Ex parte Branch, 526 So.2d 609, 623 (Ala. 1987). It was thus unnecessary in this case for the prosecution to establish that the venire-members' acquaintance with the appellant or her witnesses was 'such that it would result in probable prejudice.' "
611 So.2d at 1182.
Here, both prospective jurors indicated during voir dire that they knew the appellant and both had acknowledged his presence at the courthouse that very morning. This was a sufficiently race-neutral reason for removing the two prospective black jurors. No Batson violation occurred here.
For the foregoing reasons, the judgment in this cause is due to be affirmed.
AFFIRMED.
All the Judges concur.