The appellant, Clinston Sinkfield, was convicted of theft of property in the first degree, a violation of § 13A-8-3, Code of Alabama 1975. He was sentenced to 25 years in the penitentiary pursuant to the Habitual Felony Offender Act.
The state's evidence tended to show that on August 19, 1994, the appellant stole an Oldsmobile Cutlass automobile. At 5:00 a.m. on August 19, 1994, Officer Michael Jackowski of the Monroeville Police Department received a call telling him that a vehicle was in a ditch on Pike Street. Jackowski testified that when he arrived at the scene he saw a white Ford Tempo automobile in the road and a beige Oldsmobile Cutlass in the ditch on the side of the road. A copying machine, a facsimile machine, and a cordless telephone were lying on the ground beside the rear wheel of the Oldsmobile. He further stated that three black men were standing between the two cars. Jackowski testified that one of the men was the appellant.
Two other officers arrived at the scene shortly after Jackowski. He stated that the officers suspected that the cars were stolen because both cars had paper floor mats bearing the name "Owens' Used Cars." Also, the keys in the Ford Tempo were on a ring with a yellow cardboard tag of the kind commonly used by car dealers. Jackowski testified that he told the three men to remain at the scene while another officer was dispatched to Owens' Used Cars, which was only 200 feet away, to investigate whether there had been a theft.
Investigator Rudolph Munderlin of the Monroeville Police Department testified that he went to Owens' Used Cars to see if the business had been burglarized. When Munderlin arrived he found a broken window on the southwest side of the building. Bill Owens, the owner of the business, testified that he came to the business after receiving a call from the police department. He testified that three cars, including the Oldsmobile Cutlass, and approximately 15 sets of keys were missing. Also, he stated that a copying machine, a facsimile machine, a telephone, and a pistol were missing from the office.
When Munderlin returned to the scene he learned that the appellant had fled while the officers were questioning the other two suspects. Munderlin testified that the two remaining suspects were placed in custody and some of the stolen keys were recovered from them. He then began searching for the appellant. About an hour later Munderlin saw the appellant walking down Wilcox Street. He drove up next to the appellant and asked him to get in the car. The appellant started running. Munderlin testified that the appellant *Page 1028 
was caught and arrested about an hour later in some nearby woods.
The appellant raises two issues on appeal.
 I
The appellant first contends that the trial court erred by denying his motion for a judgment of acquittal. He contends that the evidence presented by the state was insufficient for the jury to find him guilty of theft of property in the first degree.
 "In determining whether there is sufficient evidence to support the verdict of the jury and the judgment of the trial court, we must accept as true the evidence introduced by the state, accord the state all legitimate inferences therefrom, and view the evidence in the light most favorable to the prosecution. McMillian v. State, 594 So.2d 1253
(Ala.Cr.App. 1991); Faircloth v. State, 471 So.2d 485 (Ala.Cr.App. 1984), aff'd, 471 So.2d 493 (Ala. 1985); Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.), cert. denied, 368 So.2d 877 (Ala. 1979)."
Underwood v. State, 646 So.2d 692, 695 (Ala.Cr.App. 1993).
We hold that there was sufficient evidence from which the jury could find that the appellant stole or participated in stealing the Oldsmobile Cutlass. Under Alabama law there is no longer a distinction between principals and accessories.Faircloth v. State, 471 So.2d 485, 489 (Ala.Cr.App. 1984). Therefore, an accessory is as guilty as the principal and can receive the same punishment. Jones v. State, 623 So.2d 389, 391
(Ala.Cr.App. 1993); § 13A-2-23, Code of Alabama 1975.
Here, the jury could have inferred that the appellant participated in the theft of the Oldsmobile Cutlass. The appellant was seen with the stolen car and other stolen property only 200 feet from where the items were stolen. Additionally, stolen property was recovered from the two other men present with the appellant at the scene. Possession of recently stolen property raises the presumption that the appellant knew that the goods were stolen. Smith v. State,557 So.2d 1322, 1324 (Ala.Cr.App. 1989). Also, the unexplained possession of recently stolen property is a fact from which the jury could have inferred the appellant's guilt. Waldrop v.State, 439 So.2d 1359, 1360 (Ala.Cr.App. 1983). Furthermore, evidence of the appellant's flight after the police expressed suspicion that the goods were stolen was admissible to show consciousness of guilt. Smith, 557 So.2d at 1324.
The jury inferred the appellant's guilt from the surrounding facts and circumstances, which it was free to do. Wasp v.State, 647 So.2d 81, 82 (Ala.Cr.App. 1994). We will not substitute our judgment for that of the jury. Owens v. State,597 So.2d 734, 737 (Ala.Cr.App. 1992).
 II
The appellant next contends that the trial court erred by sentencing him to 25 years in the penitentiary. This sentence was within the range provided by the Habitual Felony Offender Act because the appellant was convicted of a class B felony and had two prior felony convictions. Under the Habitual Felony Offender Act, § 13A-5-9, Code of Alabama 1975, the trial court could have sentenced him "to imprisonment for life or for any term not more than 99 years but not less than 15 years." §13A-5-9.
The appellant contends that the trial court based his sentence on the fact that a pistol was one of the items stolen from Owens' Used Cars. He contends that there was absolutely no evidence that a pistol was stolen. However, the appellant is mistaken because Bill Owens testified that the police recovered a pistol along with other items that had been stolen from his office. Also, the record reflects that the trial court, in sentencing the appellant, took several factors into consideration, including the appellant's two prior felonies, his extensive juvenile record, and the fact that he committed the present offense only three months after being released from prison.
This court will not disturb a sentence on appeal where the trial court imposes a sentence within the statutory range.Brown v. State, 611 So.2d 1194, 1198 (Ala.Cr.App. 1992). *Page 1029 
For the foregoing reasons, the judgment in this case is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.