I concur in the result in Part I of the majority opinion. In doing so, I note that this court has repeatedly stated that "[we] will not disturb a sentence on appeal where the trial court imposes a sentence within the statutory range. Brown v. State,611 So.2d 1194, 1198 (Ala.Cr.App. 1992)." Sinkfield v. State,669 So.2d 1026, 1028 (Ala.Crim.App. 1995).
I dissent from Part II of the majority opinion. In Part II, the majority concludes that the appellant properly preserved for appellate review his objection to the imposition of restitution on the first-degree receiving stolen property conviction. During the sentencing hearing, the victim described items that were stolen from his vehicle and testified as to their value. Thereafter, defense counsel made the following objection:
 "At this time, Your Honor, we would like to move that the victim's itemized list be removed from the record because it was not brought up at trial. And as he stated, he has no proof and the state's never presented any proof that [the appellant] did, in fact, steal the vehicle or the property in the vehicle. Therefore, it's irrelevant at this time."
(R. 181-82.) After further testimony from the victim about his loss, the trial court ruled:
 "All right. Hadn't been an offer of the written report, so I'm going to deny your motion. He's testified to that amount."
(R. 183.)
As the State correctly argues, the appellant never objected to the award of restitution in this case. During the sentencing hearing, he made only a specific, evidentiary objection to the admissibility of the victim's itemized list. However, he did not ever object on the ground that it would be inappropriate for the trial court to award restitution, and he did not object after the trial court ordered him to pay restitution. Further, the trial court's comments when ruling on the objection clearly show that it interpreted the appellant's objection as only an evidentiary objection and not as a general objection to any award of restitution. Therefore, the appellant did not preserve for appellate review his challenge to the award of restitution. Accordingly, I respectfully dissent from Part II of the majority opinion.
WISE, J., concurs.